**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRELL USRY,**

    **Petitioner,**

v.                                               **Case No. 4:21cv291-MW/MAF**

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,[1]**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On July 5, 2021, Petitioner Darrell Usry, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.  On September 30, 2021, Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 7.  Petitioner has filed a reply.  ECF No. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The

---

[1] The Clerk of Court shall substitute Ricky D. Dixon as Secretary of the Florida Department of Corrections. Ricky D. Dixon succeeded Mark S. Inch as Secretary for the Department of Corrections and is automatically substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Darrell Usry challenges his conviction and sentence from the Second Judicial Circuit, Gadsden County, Florida, following a non-jury trial in case number 2011-CF-546A, before Judge Jonathan Sjostrom. ECF No. 1 at 1; Ex. A at 23 (Amended Information), 25 (waiver of jury trial); Ex. B at 98-100 (findings of guilt on each count as charged). 1 (Verdict), 2 (Judgment and Sentence).[2] In particular, on March 13, 2013, the judge found Usry guilty as charged on both counts: (1) lewd or lascivious exhibition in the presence of a person less than 16 years of age by a person 18 years of age or older, contrary to section 800.04(7)(c), Florida Statutes, and (2) aggravated stalking of a person less than 16 years of age, contrary to section 784.048(5), Florida Statutes (2011), in connection with events that occurred between August 22, 2011, and November 3, 2011. Ex. B at 98-100. The court immediately sentenced Usry, on Count 1, to fifteen (15) years in prison as a

---

[2]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No. 8.

Case No. 4:21cv291-MW/MAF

prison releasee re-offender and, on Count 2, to a consecutive term of five (5) years in prison. Ex. A at 29-37; Ex. B at 107-09. Usry sought a new trial, Ex. A at 41, which the court denied, *id*. at 42.

Usry appealed his conviction and sentence to the First District Court of Appeal (First DCA), Ex. A at 43, assigned case number 1D12-1732, *id*. at 44. Usry's counsel filed an initial brief, Ex. D, the State filed an answer brief, Ex. E, and Usry's counsel filed a reply, Ex. F. In a written opinion released August 15, 2013, the First DCA affirmed the case. Ex. G; Usry v. State, 118 So. 3d 988 (Fla. 1st DCA 2013). The mandate issued September 3, 2013. Ex. G.

Usry, proceeding pro se, sought to invoke the discretionary jurisdiction of the Florida Supreme Court. Ex. H. On February 25, 2014, the Florida Supreme Court declined to accept jurisdiction and indicated that no motion for rehearing would be entertained. Ex. I; Usry v. State, 137 So. 3d 1023 (Fla. 2014). It does not appear that Usry sought certiorari review by the U.S. Supreme Court.

On November 24, 2014, Usry filed a pro se motion for post-conviction relief in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850, raising five claims of ineffective assistance of counsel. Ex. R at 5-19. By order on July 14, 2016, the state post-conviction trial court, Judge Barbara

K. Hobbs, who handled all Usry's Rule 3.850 proceedings, ordered the State to show cause why an evidentiary hearing should not be granted. *Id*. at 56.

The State filed a response on August 5, 2016, and requested an evidentiary hearing on four of the claims. *Id*. at 57-119. The court set an evidentiary hearing on all the claims. *Id*. at 137-38. As of March 15, 2017, Usry was represented by the Office of the Public Defender. *Id*. at 298.

Before the evidentiary hearing took place, Usry filed an amended Rule 3.850 motion on August 17, 2017. *Id*. at 142-57. By order rendered November 30, 2017, the state post-conviction trial court dismissed the motion, finding the first ground legally insufficient, and allowing Usry sixty (60) days to file a legally sufficient motion. *Id*. at 169.

On December 6, 2017, Usry filed another Rule 3.850 motion. *Id*. at 170-94. He also filed, in January 2018, a motion seeking an enlargement of time and, in February 2018, a motion requesting clarification of the record. *See id*. at 216. By order on February 12, 2018, the state post-conviction trial court struck these three motions as unauthorized pro se filings because Usry "is, and was at the time of the filing, represented by counsel." *Id*.

On April 17, 2018, Usry filed a "Second Amended Motion for Postconviction Relief." *Id*. at 218-35. This motion contained a certificate of service by an assistant public defender. *Id*. at 233. By order on July 31,

2018, the state post-conviction trial court dismissed the motion because "Defendant has failed to comply with Rule 3.850(e)." *Id*. at 234.

An evidentiary hearing took place on April 4, 2019, on Usry's original Rule 3.850 motion. Ex. R at 306-417. By order rendered July 3, 2019, Judge Hobbs denied relief. *Id*. at 297-303. The order indicates copies were provided to Usry, his assistant public defender, and the assistant state attorney. *Id*. at 303. Usry did not appeal.

On February 7, 2020, Usry filed a "Petition for Motion to Receive Belated Appeal" in the First DCA. Ex. J. By order on February 14, 2020, the First DCA directed Usry to submit an amended petition for belated appeal because the facts alleged in his petition were not sworn. Ex. K. Usry filed a pro se amended petition for belated post-conviction appeal, with an oath, on March 13, 2020. Ex. O. In its response filed April 14, 2020, the State did not oppose a belated appeal. Ex. P. By order on June 22, 2020, the First DCA granted the amended petition for belated appeal. Ex. Q.

Thereafter, Usry filed a pro se initial brief in the First DCA. Ex. S. The State filed an answer brief, Ex. T, and Usry filed a pro se reply, Ex. U. On January 29, 2021, the First DCA per curiam affirmed the case without a written opinion. Ex. V; Usry v. State, 314 So. 3d 289 (Fla. 1st DCA 2021). Usry filed a pro se motion for rehearing and written opinion, which the First

DCA denied by order on April 5, 2021. Ex. W. The mandate issued April 26, 2021. Ex. V.

As indicated above, on July 5, 2021, Usry filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. He indicated his petition was timely. *Id*. at 11. Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 7. Petitioner has filed a reply. ECF No. 8.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled,

but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Usry appealed his conviction and sentence, and on August 15, 2013, the First DCA affirmed the case with a written opinion. Ex. G; Usry v. State, 118 So. 3d 988 (Fla. 1st DCA 2013). Usry sought review in the Florida Supreme Court but that court declined to accept jurisdiction on February 25, 2014, allowing no motion for rehearing. Ex. I; Usry v. State, 137 So. 3d 1023 (Fla. 2014).

Therefore, Usry's conviction became final for federal habeas purposes on Tuesday, May 27, 2014, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court, following the Florida Supreme Court's order declining to accept jurisdiction. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until May 27, 2015, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n

that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Usry filed his Rule 3.850 motion in the state trial court on November 24, 2014. Ex. R. at 5-19. This stopped the AEDPA clock at 181 days, and the time remained tolled until the conclusion of his state post-conviction proceedings.

By order rendered July 3, 2019, the state post-conviction trial court rendered its order denying Usry's Rule 3.850 motion. Ex. R at 297-303. Usry had thirty (30) days thereafter to appeal, until August 2, 2019. *See* Fla. R. App. P. 9.110(b); *see* Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (providing that, if petitioner does not file notice of appeal, state post-conviction proceeding remains pending for AEDPA purposes during time in which timely notice of appeal could have been filed). No timely appeal was filed. Usry's AEDPA clock then restarted on August 3, 2019, and ran untolled for the remaining 184 days until it expired on Monday, February 3, 2020.

On February 7, 2020, Usry filed his (unsworn) pro se petition for belated appeal from the denial of post-conviction relief. Notably, the Eleventh Circuit Court of Appeals has held that a motion to file a belated appeal, in a Florida state appellate court, does not constitute an application for "collateral review" within the meaning of 28 U.S.C. § 2244(d), to toll the AEDPA limitations period. Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1139 (11th Cir. 2015). Nevertheless, even assuming Usry's unsworn petition did constitute "a properly filed application for State post-conviction or other collateral review," pursuant to 28 U.S.C. § 2244(d), his AEDPA limitations period had already expired by this point, albeit just a few days earlier. *See, e.g.*, Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot

toll that period because there is no period remaining to be tolled."). Accordingly, Usry's § 2254 petition, filed July 5, 2021, is untimely.

In his reply, Usry requests the benefit of either statutory or equitable tolling. *See* ECF No. 8 at 2-5. The Eleventh Circuit's decision in Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003), appears on point regarding statutory tolling. In that case, the Eleventh Circuit considered whether a petition for belated appeal, which was filed after the AEDPA limitations period had expired and which the state appellate court granted, could revive the AEDPA limitations period. *Id*. at 1378-79. The court held that "[a] state application filed after the expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." *Id*. at 1381; *see id*. at 1380 (noting that "[t]he few circuits to discuss the issue have found that an out-of-time appeal does not revive the time during which no state collateral petition was pending," citing Melancon v. Kayla, 259 F.3d 401, 407 (5th Cir. 2001), and adopting Melancon reasoning). *See also* Mashburn v. Comm'r, Ala. Dep't of Corr., 713 F. App'x 832, 837 (11th Cir. 2017) (finding Moore applicable and explaining: "An out-of-time motion for appeal . . . is not actually pending until it is filed, and it does not 'relate back so as to toll idle periods' of time on the AEDPA clock" and, thus, "an out-of-time appeal filed after the AEDPA limitations period has expired 'does not operate to

revive' it."); McMillan v. Sec'y, Dep't of Corr., 257 F. App'x 249, 252 (11th Cir. 2007) (holding that petitioner was not entitled to statutory tolling for 95 days between date denial of Rule 3.850 motion became final and date petition for belated appeal of that denial was filed, even though state appellate court granted petition for belated appeal).

Similarly, in this case, Usry's unsworn petition for belated appeal was filed on February 7, 2020, a few days after the AEDPA limitations period had expired on February 3, 2020. He did not file his sworn petition until March 13, 2020. Ex. O. Regardless, his petition was filed after the AEDPA clock had stopped and could not revive the limitations period.

Usry also asserts entitlement to equitable tolling. ECF No. 8 at 5. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling

must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

In support of his equitable tolling argument, Usry points to the considerable delay in the state post-conviction proceedings and asserts he "has been extremely diligent in this legal process since the inception of the instant case." ECF No. 8 at 2. Usry's proceedings in the state post-conviction trial court did take a considerable time, and he remained vigilant about trying to get the matters ruled on and considered at an evidentiary hearing. Indeed, during the pendency of those proceedings, Usry filed three petitions for writ of mandamus in the First DCA, which were promptly addressed and resolved, in attempts to get action from the trial court. Ex. R at 23-26 (first mandamus petition, filed June 22, 2016; case number 1D), 28 (order dated June 29, 2016, directing Usry to serve petition on Attorney General), 30 (amended petition with exhibits), 55 (order), 132 (order), 136 (order dated September 7, 2016, dismissing first mandamus proceeding); 158-64 (second mandamus petition, with exhibits, filed November 13, 2017, case number 1D17-4903); 168 (order dated November 28, 2017, directing Usry to copy of Rule 3.850 motion), 200 (order dated January 16, 2018, dismissing mandamus petition as moot); 242-55 (third mandamus petition, with exhibits, filed March 11, 2019, case number 1D19-939), 257 (show

cause order dated March 15, 2019), 266-67 (per curiam dismissal dated April 17, 2019). This vigilance belies his current argument that he did not inquire about any decision following the post-conviction evidentiary hearing because "he didn't wish to rush and/or antagonize the court." ECF No. 8 at 3.

The Rule 3.850 evidentiary hearing took place on April 4, 2019, and, from the documentation included with his sworn petition for belated appeal, Usry did not inquire about any delay in reaching a decision until January 2, 2020. *See* Ex. O at 2-3. He states that he "then received a Progress Docket in response from the Clerk of Court, Gadsden County Second Judicial Circuit on 1-9-2020," at which point "he then became aware of an entry stating an order denying Defendant's motion for post conviction relief filed 7-3-19." *Id*. at 3. He asserted that "he was never forwarded documentation stating such from the Clerk of Court, Public Defenders Office, etc…. Whereas a result, all of movant's allotted time for APPEAL has elapsed through no fault of his own." *Id*. Usry then obtained a copy of the DOC legal mail log reflecting "the entry dates of forwarded Legal Mail to him within the time frame in question from April 2019 through January 2020." *Id*. He also states that "his attempt to contact appointed counsel (Samantha Porche), for enlightenment of the decision of the court also went unanswered." *Id*. He indicates he has attached a copy of the mail log and the correspondence with appointed

counsel, although those do not appear in the exhibit containing his sworn petition. *See id*. B[]'][ut see Ex. J (unsworn petition with exhibits that consist of handwritten letter to Ms. Porche dated January 2, 2020, and copies of incoming legal mail log from Jefferson Correctional Institution for April 2019 and for January 2020). He states he "never received a copy of the lower courts decision as to said Denial to this date." Ex. O at 3.

Thus, even after Usry learned on January 9, 2020, that an order had been entered almost five months earlier, on July 3, 2019, denying his Rule 3.850 motion, he did not file his (unsworn) petition for belated appeal until February 7, 2020. Notably, as of January 9, 2020, Usry still had twenty-six (26) days remaining in his AEDPA limitations period. *See, e.g.,* Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition, does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (explaining "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the

petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition" but affirming finding that petitioner did not meet burden as "[e]ven assuming that he did not receive the district court's order until February 1996, Drew has provided no evidence supporting his claim that he repeatedly attempted to ascertain the status of his case from the Clerk's office, a burden necessary to sustaining his claim of extraordinary circumstances"); *see also, e.g.*, Ilarion v. Crosby, 179 F. App'x 653, 655 (11th Cir. 2006) (affirming finding that petitioner did not show due diligence and explaining "[e]ven assuming Ilarion made these written inquiries [of the court], this Court has previously required more of incarcerated petitioners in order to demonstrate due diligence"); Logreira v. Sec'y Dep't of Corr., 161 F. App'x 902, 904 (11th Cir. 2006) (affirming finding that petitioner did not meet burden of showing due diligence in inquiring with Florida appellate court regarding disposition of state habeas petition where petitioner "provided evidence of his repeated attempts to contact the Florida appellate court through mail, [but] he did not show that he took any steps, other than mailing letters, to gain information concerning his petition").  *Cf.* Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (holding equitable tolling warranted where Georgia Supreme Court clerk had assured Knight he would be notified when decision made but

then sent decision to wrong person and Knight exercised due diligence in inquiring after 15 months had passed, but noting that "not in every case will a prisoner be entitled to equitable tolling until he receives notice" as "[e]ach case turns on its own facts"); Mashburn, 713 F. App'x at 840 (holding "Mashburn acted with reasonable diligence," where state court had assured him it would not rule on State's motion to dismiss until it had ruled on his pending discovery motion and allowed him to respond to motion to dismiss, "Mashburn had no reason to suspect the court would, contrary to its representations, summarily dismiss his Rule 32 petition without ruling on the outstanding discovery motion, setting a briefing schedule, or otherwise giving Mashburn an opportunity to even respond," and failure of court clerk to serve dismissal order "compounded the problem," and Mashburn filed first motion to set aside dismissal "only sixteen days after he was advised of the dismissal order" even though he had six months to seek out-of-time appeal under Rule 32.1(f)).

In support of his equitable tolling argument, Usry also relies on the fact that the State conceded to the belated appeal. ECF No. 8 at 3-4. In its response filed April 14, 2020, to the First DCA's show cause order, the State "did not oppose . . . granting the petition for a belated appeal," explaining that "undersigned has contacted the mail room in the prison where petitioner is

housed" and "[t]he mail room Senior Clerk reviewed the prison incoming mail logs for July, August, and September of 2019, and stated that petitioner did not receive any incoming legal mail from the Gadsden County Circuit Court or his Public Defender." Ex. P. Nothing indicates the First DCA relied on this in its order granting the belated appeal on June 22, 2020. Ex. Q. Moreover, as discussed above, Usry's AEDPA time had already expired at that point. The State has not conceded that the petition for belated appeal tolled the AEDPA limitations period or that Usry qualifies for equitable tolling. *Cf*. Mashburn, 713 F. App'x at 839-40 (holding equitable tolling applied and explaining, among other things, "[t]he State does not dispute that Mashburn meets the extraordinary circumstances requirement" due to "lengthy delay" between issuance of order and inmate's receipt of order: "because the clerk of court failed to serve or otherwise notify Mashburn of its dismissal order, the 42-day appeal period expired . . . before Mashburn even knew his Rule 32 petition had been dismissed" and "[w]hen the appeal period expired, the AEDPA clock resumed running and likewise expired, again before Mashburn even realized his Rule 32 petition had been dismissed"); Glenn v. McNeil, No. 3:08cv79-MCR/MD, 2009 WL 4349811, at *4, n.4 (Nov. 23, 2009) (Order adopting Report and Recommendation, which had explained court would consider § 2254 petition timely where Respondent conceded postconviction

proceeding was pending until date of First DCA's mandate in belated appeal affirming denial of relief, and Respondent conceded motion for belated appeal tolled AEDPA period even though it was filed after limitations period had expired).

Based on the foregoing, Petitioner Usry has not met his burden of showing that he diligently pursued his rights under the AEDPA and that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Hutchinson, 677 F.3d at 1099 (noting that petitioner has burden of establishing right to equitable tolling). Accordingly, he is not entitled to equitable tolling.

## Conclusion

The § 2254 petition is untimely and Petitioner Usry has not shown entitlement to equitable tolling. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and the § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and the § 2254 petition (ECF No. 1) filed by Darrell Usry be **DISMISSED as untimely.** It is further

**RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk of Court shall substitute Ricky D. Dixon for Mark S. Inch as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on February 9, 2022.

> S/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.